IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | Case No.: 14-cv-2973 |
| ) | |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| JESUS RUIZ, individually and d/b/a EL ) | |
| BURRITO RAPIDO, INC. d/b/a THE FAST ) | |
| BURRITO and EL BURRITO RAPIDO, INC. ) | |
| d/b/a THE FAST BURRITO, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Jesus Ruiz's motion to dismiss [14]. For the reasons that follow, the Court denies Defendant's motion.

**I.  Background[1]**

This case involves the alleged interception and airing of a World Boxing Association Middleweight Championship Fight (the "boxing match") at a Chicago restaurant called El Burrito Rapido or The Fast Burrito. Plaintiff J & J Sports Productions, Inc. is a commercial distributor of sporting events and allegedly had exclusive television distribution rights to the boxing match, which took place on May 5, 2012. [1], Compl. at ¶ 14. Plaintiff entered into sublicensing agreements with certain establishments in Illinois—including hotels, bars, casinos, and restaurants—under which it granted them the right to exhibit the boxing match to patrons. *Id.* at ¶ 15.

---

[1] In reviewing the instant motion, the Court accepts as true the facts alleged in Plaintiff's complaint and makes all reasonable inferences in its favor. See, *e.g.*, *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012).

Plaintiff brings suit against Defendant Jesus Ruiz individually and doing business as El Burrito Rapido, Inc., d/b/a The Fast Burrito.[2] Plaintiff alleges that Defendant Ruiz willfully and "unlawfully publish[ed], divulge[ed] and exhibit[ed] the [boxing match] at the time of its transmission" for "direct or indirect commercial advantage or private commercial gain." *Id.* at ¶ 17. Plaintiff also alleges that Defendant Ruiz had supervisory capacity and control over the activities that occurred at the restaurant on May 5, 2012. *Id.* at ¶ 9. Plaintiff provides no additional allegations about the circumstances surrounding the alleged interception and airing of the boxing match, however.

Plaintiff asserts violations of the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 553 and 605 (hereafter the "Cable Act"). In Count I, Plaintiff alleges a violation of § 605, and in Count II, a violation of § 553. Plaintiff seeks statutory damages, costs, and attorney's fees.

## II.   Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in her favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief

---

[2] Plaintiff also sued Defendant El Burrito Rapido, Inc. d/b/a The Fast Burrito, and a default judgment was entered against it on August 1, 2014, after it failed to appear or answer the complaint. See [19].

above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

**III. Discussion**

Defendant moves to dismiss both counts, arguing that Plaintiff fails to allege sufficient facts to meet the federal pleading standard under Federal Rule of Civil Procedure 8(a). As discussed, Plaintiff alleges that Defendant intercepted and exhibited a boxing match in violation of 47 U.S.C. §§ 605 and 553. Section 605 governs "the unlawful interception of cable programming transmitted through the air, while * * * § 553 [ ] appl[ies] to the unlawful interception of cable programming while it is actually being transmitted over a cable system." *United States v. Norris*, 88 F.3d 462, 469 (7th Cir. 1996). Under § 605(a), "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." Under § 553(a)(1), "[n]o person shall intercept or receive * * * any

3

communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

Although a defendant cannot be held liable under both sections of the Cable Act for a single action—as § 605 governs interception via satellite or radio and § 553 interception by cable—violations of these sections may be pleaded in alternative counts, as they often are in cases involving the interception and exhibition of television programs. See, *e.g.*, *Joe Hand Promotions, Inc. v. Lynch*, 822 F. Supp. 2d 803, 805 (N.D. Ill. 2011); *J & J Sports Productions, Inc. v. Dougherty*, 2012 WL 2094077, at *2 (E.D. Pa. June 11, 2012). In its complaint, Plaintiff does not specifically allege that Counts I and II are pleaded alternatively, but Plaintiff explains in its brief in opposition to Defendant's motion to dismiss that "[t]he Complaint raises alternative claims," [20], Pl.'s Resp. at 6. The Court therefore reads the complaint as alleging alternative claims under §§ 605 and 553 for Defendant's alleged interception of the boxing match. See *Lynch*, 822 F. Supp. 2d. at 805 ("The mutual exclusiveness of § 605 and § 553 is well-established law. In light of that legal principle, any complaint asserting that a single action violates both statutes can only be interpreted as stating alternative claims.").

In his motion to dismiss, Defendant argues that Plaintiff fails to allege enough facts to make out plausible claims that provide adequate notice to him. Defendant points to Plaintiff's failure to allege various details surrounding the alleged interception of the boxing match, such as Defendant's financial gain, how the boxing match was intercepted, what time it was intercepted, how Defendant authorized the interception of the boxing match, and whether Defendant was present at the restaurant when the match was played for patrons. See [14], Def.'s Mot. at 3–4. Although Defendant correctly observes that these factual allegations are absent, the Court determines that Plaintiff nonetheless sufficiently alleges violations of §§ 605 and 553.

To begin, Plaintiff alleges sufficient facts to provide Defendant "fair notice of what the * * * claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47). Specifically, the complaint sets forth the particular program allegedly intercepted by Defendant, the date and place of the alleged interception and exhibition, Plaintiff's exclusive right to distribute the program, and the fact of Defendant's unlawful exhibition of the program. Although additional details would provide more information about the specific circumstances surrounding Plaintiff's claim, the allegations in the complaint certainly can be said to provide notice of the basis for the lawsuit. The allegations also provide enough detail to raise the possibility of relief above a "speculative level," assuming that all of the allegations in the complaint are true.

Notably, several district courts in this district and others have found that similar allegations concerning the interception of cable programs state plausible claims under §§ 605 and 553. See *Lynch*, 822 F. Supp. 2d at 806; *J & J Sports Productions, Inc. v. Carvajal, Inc.*, 2011 WL 4499156, at *1–2 (D. Mass. Sept. 26, 2011); *Dougherty*, 2012 WL 2094077, at *1. As the district court explained in *Lynch*:

> The complaint clearly identifies the broadcast program allegedly misappropriated by Atlantic, the place [and] * * * date of the alleged violation, the existence of a contract establishing Joe Hand's exclusive rights to show the broadcast program, the absence of authorization allowing Atlantic lawfully to show the broadcast program, and the Atlantic's alleged willfulness in misappropriating the broadcast program. In addition, a reasonable inference from the statutes listed in the complaint is that the broadcast program was misappropriated by satellite or cable. Nothing more is or should be required to state a claim under § 553 and § 605.

822 F. Supp. 2d at 806 (internal citations omitted). Courts likewise have found claims sufficient at the motion to dismiss stage despite a plaintiff's failure or inability to allege the exact mechanism by which a program was intercepted, as is the case here. See *id.* at 805–06 (denying motion to dismiss where plaintiff alternatively pleaded interception under §§ 605 and 553

5

because "identification of the correct statute depends on ascertaining a fact of which the plaintiff may not yet be aware, namely, whether the defendant intercepted the [program] by satellite or through a cable system."); *Dougherty*, 2012 WL 2094077, at *2 (denying motion to dismiss even though complaint "[did] not specify how defendants intercepted the Broadcast").

In his reply brief, Defendant also argues that Plaintiff has not alleged sufficient facts to maintain a claim against him individually, because Plaintiff did not allege that Mr. Ruiz acted as an alter ego of El Burrito Rapido, Inc. See [21], Def.'s Reply at 1–3. Defendant need not be an "alter ego" of the establishment where the alleged interception took place, however, to be liable under § 553 or § 605. Courts generally find that allegations are sufficient to allege individual liability where the defendant was personally involved in the unlawful interception—or had supervisory capacity or control of the place where the interception occurred—and benefited financially from the interception. See *Dougherty*, 2012 WL 2094077, at *2 (allegations sufficient for personal liability because plaintiff alleged that "defendants had the ability to supervise the alleged violation, that they exercised control over the activities in question, and that they derived a direct financial benefit."); *Joe Hand Promotions, Inc. v. Ewer*, 2009 WL 3269658, at *2 (E.D. Wis. Oct. 8, 2009) ("Personal liability against Defendant Ewer is appropriate in this case * * * [because] [t]he complaint alleges upon information and belief that Ewer was the individual with supervisory capacity and control over the activities occurring at The Tap Haus on [the day of the alleged interception], and that he received financial benefit from the operation of the Tap Haus on that night."); *Joe Hand Promotions, Inc. v. Hurley*, 2011 WL 6727989, at *2 (S.D. Ill. Dec. 21, 2011) (alleging that defendant was "the principal, alter ego, officer, director, shareholder, employee, agent, and/or other representative of [the business involved in the interception] and that he unlawfully intercepted and exhibited the Program, or assisted such

activities for commercial advantage or private financial gain" was sufficient to state claim against defendant individually).

> Here, Plaintiff alleges:
>
> Upon information and belief, Defendant JESUS RUIZ is an officer, director, shareholder and/or principal of EL BURRITO RAPIDO INC. d/b/a THE FAST BURRITO.
>
> Upon information and belief, Defendant, JESUS RUIZ was an individual with supervisory capacity and control over the activities occurring within the establishment on May 5, 2012.
>
> Upon information and belief, Defendant JESUS RUIZ, received a financial benefit from the operations of EL BURRITO RAPIDO INC. d/b/a THE FAST BURRIT on May 5, 2012.
>
> * * *
>
> With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, [Ruiz] and/or [his] agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

[1], Compl. ¶¶ 8–10, 17. These allegations are sufficient to state a valid claim against Defendant Ruiz individually, as they allege that Mr. Ruiz had control over the activities at the restaurant on May 5, 2012 when the boxing match allegedly was intercepted and exhibited, and that he gained financial benefit from the restaurant that day.

Defendant cites *J & J Sports Productions, Inc. v. 291 Bar & Lounge, LLC*, 648 F. Supp. 2d 469 (E.D.N.Y. 2009), in support of his argument that the allegations are insufficient to hold him individually liable. There, the district court found that the allegations against the defendant were insufficient because the complaint did not allege that the individual "had a 'right and ability to supervise' the violations, as well as an obvious and direct financial interest in the

7

misconduct." *291 Bar & Lounge, LLC*, 648 F. Supp. 2d at 473. Instead, the complaint merely alleged that the individual defendant was the owner of the corporate defendant, a tavern where the intercepted program allegedly was played for patrons. See *id.* Here in contrast, the complaint alleges that Mr. Ruiz controlled or supervised the activities at the restaurant on May 5, 2012 and that the interception was for his and the restaurant's "direct or indirect commercial advantage or private financial gain." [1], Compl. at ¶ 17.

**IV.  Conclusion**

For all of the reasons set forth above, the Court concludes that Plaintiff has alleged valid claims against Defendant Ruiz and therefore denies Defendant's motion to dismiss [14].

Dated: February 11, 2015

Robert M. Dow, Jr.
United States District Judge